UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| OMAR EL-SISSI,<br><br>        Movant,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>        Respondent. | Case No. 26-mc-80049-LB<br><br>**ORDER RE RULE 41 MOTION FOR RETURN OF PROPERTY**<br><br>Re: ECF No. 1 |

**INTRODUCTION**

Pursuant to Federal Rule of Criminal Procedure 41(g), movant Omar El-Sissi, who is representing himself in this civil action, seeks return of property seized by agents of the Department of Homeland Security when they executed a search warrant at his home on December 1, 2025.[1] The search-warrant return inventories the seized items: "suspected narcotics; multiple electronic devices including two laptops, one CPU tower; two tablets, and three mobile phones, among other items; seven firearms and firearms accessories and ammunition; and virtual assets."[2] The movant seeks return of all seized items (except the narcotics).[3]

---

[1] Mot. – ECF No. 1. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Return, No. 3:25-mj-71431-LB – ECF No. 5 at 2 (cleaned up; semicolons and conjunction added).

[3] Mot. – ECF No. 1 at 1–2.

ORDER – No. 26-mc-80049-LB

United States District Court
Northern District of California

The government opposes only the motion to return the electronic devices, contending that agents are working to mirror the devices, were unable to access some devices, were reviewing mirror images that they had created, and had received an extension of time until July 25, 2026, to complete the review. It concludes that the "motion is not ripe and should be summarily denied."[4]

The court grants the unopposed motion to return all property but the devices, which are subject to further motions practice (discussed below).

**STATEMENT**

The movant seeks return of the following personal property: (1) electronic devices and storage units (specified as two mobile phones, three computers (two laptops and a desktop); one cryptocurrency hardware wallet, three external hard drives, and additional electronic-storage media); (2) his lawfully owned firearms and associated ammunition and accessories; and (3) documents (specified as personal, business, and financial records). The cryptocurrency wallet has "private cryptographic keys necessary to access and control" the movant's digital financial assets. The movant cannot access his assets without the device.[5] The agents recorded the cryptocurrency holdings on the wallet, and the blockchain addresses associated with the wallet are publicly viewable. The government thus has obtained whatever information the wallet possesses, and retention of the wallet thus serves no investigative purpose. He provided the agents with the passwords for the three cell phones, the computers and external drives are not encrypted and require no special credentials, he relies on his computers and business records on them to conduct his business, and harm to him for the delay is ongoing.[6]

The movant's attorney (engaged for any criminal proceedings) is Julia Jayne. AUSA Kevin Yeh told her on December 17, 2025, that he assisted with the search warrant, the investigation was ongoing, and there was no "case per se" because intake hadn't occurred.[7] In an email sent on

---

[4] Opp'n – ECF No. 8 at 1–2.

[5] Mot. – ECF No. 1 at 1–2; El-Sissi Decl. – ECF No. 1-3 at 1 (¶¶ 2–5, 7).

[6] El-Sissi Suppl. Decl. – ECF No. 11 at 1–2 (¶¶ 2–4, 7–9).

[7] El-Sissi Decl. – ECF No. 1-3 at 2 (¶¶ 11–12); Email, Ex. A to *id.* – ECF No. 1-3 at 3.

January 17, 2026, the case agent (and search warrant affiant) responded that the property remained "under review."[8]

The warrant authorized the government to retain the electronic devices for sixty days to create mirror images. On January 23, 2026, the government sought and received a one-hundred-eighty-day extension of time to review the electronic devices, meaning, until July 25, 2026.[9]

All parties consented to magistrate-judge jurisdiction under 28 U.S.C. § 636(c)(1).[10] The court held a hearing on April 9, 2026.

## LEGAL STANDARD

Under Federal Rule of Criminal Procedure 41(g), a "person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return . . . in the district where the property was seized." If no criminal proceedings are pending, then the motion is treated as a civil complaint governed by the Federal Rules of Civil Procedure. *United States v. Ibrahim*, 522 F.3d 1003, 1007 (9th Cir. 2008).

Preliminarily, the court first must consider whether it should exercise its equitable jurisdiction to entertain the motion. *United States v. Comprehensive Drug Testing, Inc.*, 621 F.3d 1162, 1172 (9th Cir. 2010) (en banc), *overruled on other grounds as recognized by Demaree v. Pederson*, 887 F.3d 870, 876 (9th Cir. 2018) (per curiam). In determining whether to exercise jurisdiction, the court considers four discretionary factors: "(1) whether the government displayed a callous disregard for the constitutional rights of the movant; (2) whether the movant has an individual interest in and need for the property he wants returned; (3) whether the movant would be irreparably injured by denying return of the property; and (4) whether the movant has an adequate remedy at law for the redress of his grievance." *Ramsden v. United States*, 2 F.3d 322, 325 (9th Cir. 1993) (cleaned up). A district court must exercise "caution and restraint" before assuming

---

[8] El-Sissi Decl. – ECF No. 1-3 at 2 (¶ 13).

[9] Order, No. 3:25-mj-71431-LB – ECF No. 6 at 2 (signed January 23, 2026, and filed January 26, 2026); Opp'n – ECF No. 8 at 2 (July 25, 2026, deadline).

[10] Consents – ECF Nos. 7, 9.

jurisdiction. *Id.* at 324. If the balance of equities tilts in favor of reaching the merits of the Rule 41(g) motion, the court exercises its equitable jurisdiction. *Id.* at 326.

When the four factors, considered together, support the court's exercise of jurisdiction, the court then considers whether the government has shown a legitimate reason for retaining the property and whether the government's retention of the property is reasonable under all of the circumstances. *Id.* The government's opposition is treated as motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Ibrahim*, 522 F.3d at 1007. If the court considers matters outside the pleadings, the government's opposition is treated as a motion for summary judgment under Rule 56. *Id.* at 1007–08. If facts are disputed, the court must conduct an evidentiary hearing. *Id.*; Fed. R. Crim. P. 41(g) (the court must receive evidence on any factual issue necessary to decide the motion).

**ANALYSIS**

The government opposes only the return of the devices and did not address the *Ramsden* equitable factors.[11] A failure to oppose a motion is a concession of it. *Narang v. Gerber Life Ins. Co.*, No. 18-CV-04500-LHK, 2018 WL 6728004, at *4 (N.D. Cal. Dec. 21, 2018) (collecting cases). On this record, the court assumes the government's agreement to the return of property except for the digital devices.

The first *Ramsden* factor — callous disregard for the movant's constitutional rights — is neutral. The second factor — the movant's individual interest in and need for the property — is undisputed. For example, documents needed to run a business can be an individual interest and need. *Christie v. United States*, No. 21-mc-80263-RS, 2021 WL 5744382, at *3 (N.D. Cal. Dec. 2, 2021) (citing *Ramsden*, 2 F.3d at 325). The third factor — irreparable injury — also is undisputed. *Cf. Ramsden*, 2 F.3d at 325 (seizure of documents necessary for business operations established an interest in the property but not irreparable harm). The fourth factor — lack of a remedy at law — is similarly undisputed.

---

[11] Mot. – ECF No. 1 at 2–4 (arguing the *Ramsden* factors); Opp'n – ECF No. 8 at 1–2 (arguing only that the issue of return of the digital devices was not ripe because the government has an extension of time to image and search them).

United States District Court
Northern District of California

The *Ramsden* factors weigh in favor of the court's exercise of equitable jurisdiction. *In re Prop. Seized from 1015 E. Cliff Drive*, No. 13-mc-80172-JST, 2013 WL 5568300, at *3 (N.D. Cal. Oct. 9, 2013) (exercising equitable jurisdiction when three of the four *Ramsden* factors were met).

The issue then is the merits of the dispute. *Kardoh v. United States*, 572 F.3d 697, 700 (9th Cir. 2009). In a criminal case, a Rule 41(g) motion should be presumptively granted when the government no longer needs the property for evidence. *United States v. Kriesel*, 720 F.3d 1137, 1144 (9th Cir. 2013). The government can rebut that presumption by showing a continued need for the property that is reasonable under all of the circumstances, *id.*, or by showing that it has a "legitimate reason to retain the property." *United States v. Kaczynski*, 416 F.3d 971, 974 (9th Cir. 2005). When a movant is not a defendant in a criminal case, a similar logic applies. *In re Prop. Seized*, 2013 WL 5568300, at *3 (when a movant seeks only the reproduction of the documents, rather than the seized documents, this presumptively requires that the documents be reproduced).

Here, the government has submitted no affidavits or any competent evidence of any kind to justify its decision not to return the seized property. *Id.* at *6–7. It has sought an extension of time to complete its forensic review of the devices and does not oppose the motion to return the other evidence. The movant has submitted evidence that he provided necessary passwords for the phones, the other devices are not encrypted, and the government's failure to return his information prejudices him. Under these circumstances, within fourteen days the government must return all seized property (including the cryptowallet) except for the digital devices. The digital devices must be returned on a rolling basis after the government completes its imaging. At minimum, the government must return a reproduction of the contents of the digital devices, given the uncontested evidence that they are not password protected. Any motion to return the digital devices themselves can be renewed after July 25, 2026, the authorized extension to image the devices.

The United States has leave to file, not more than five days from this order, a motion to stay enforcement that includes a memorandum of points and authorities — with supporting declarations — to support any argument to retain any items seized. It must notice a hearing for any available Thursday at 9:30 a.m. at least five weeks after the motion is filed. *Id.* at *7 (employing this

process); Civil L. R. 7-2. The movant's opposition is due fourteen days later, and the government's reply is due seven days after the opposition is filed.

**CONCLUSION**

This resolves ECF No. 1.

**IT IS SO ORDERED.**

Dated: April 9, 2026

_____
LAUREL BEELER
United States Magistrate Judge